IN RE: INQUIRY CONCERNING A JUDGE, NO. 257 CRAIG B. BROWN, RESPONDENT

No. 300A02

(Filed 4 October 2002)

**Judges— district court—misconduct—censure**

A district court judge is censured for willful misconduct and conduct prejudicial to the administration of justice that brings the judicial office into disrepute based upon his violation of Canons 2A and 3A(1) of the N.C. Code of Judicial Conduct when he entered two 1998 orders ex parte not only vacating 1983 and 1986 judgments of conviction of a defendant for DWI but also dismissing those cases when he knew that each of the two cases was before him only on a motion for appropriate relief and was not on any court calendar for disposition.

This matter is before the Court upon a recommendation by the Judicial Standards Commission, entered 23 May 2002, that respondent, Judge Craig B. Brown, a Judge of the General Court of Justice, District Court Division, Fourteenth Judicial District of the State of North Carolina, be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of Canons 2A and 3A(1) of the North Carolina Code of Judicial Conduct. Considered in the Supreme Court 12 September 2002.

*No counsel for Judicial Standards Commission or respondent.*

ORDER OF CENSURE

The Judicial Standards Commission (Commission) notified Judge Craig B. Brown (respondent) on 2 January 2001 that it had ordered a preliminary investigation to determine whether formal proceedings under Commission Rule 9 should be instituted against him. The subject matter of the investigation included allegations that in the summer of 1998 respondent entered two orders *ex parte* dismissing the DWI charges against the defendant in *State v. Ronald Taborn,*

Durham County file nos. 83 CR 24987 and 86 CR 41630, when respondent knew each of the two cases were before him only on a motion for appropriate relief.

On 10 December 2001, special counsel for the Commission filed a complaint alleging as follows:

3. The Respondent engaged in conduct inappropriate to his judicial office as follows:

a. Ronald Taborn (Taborn)[] was convicted of driving while under the influence in Durham County file number 83 CR 024987 (the 1983 case).

b. Taborn was convicted of driving while impaired in Durham County file number 86 CR 041630 (the 1986 case).

c. On or about May 25, 1998, Taborn retained J. Wesley Covington (Covington), to assist Taborn in expunging the conviction in the 1983 case.

d. On or about June 16, 1998, Covington drafted a motion for appropriate relief on Taborn's behalf, asking the court to vacate the judgment in the 1983 case.

e. On or about July 7, 1998, Covington met with Respondent concerning Taborn's motion for appropriate relief in the 1983 case. No representative of the District Attorney's staff was present and Taborn's case was not on any court calendar for disposition at the time of the ex parte meeting between Covington and Respondent[.]

f. After the meeting with Covington, Respondent knowingly caused his signature to be stamped on an order that not only vacated the judgment but dismissed the 1983 case.

g. On or about July 7, 1998[,] Durham County court personnel entered Respondent's order concerning the 1983 case into the official court computer system.

h. On or about July 17, 1998, Taborn retained Covington to assist Taborn in expunging his conviction in the 1986 case.

i. On or about July 28, 1998, Covington drafted a motion for appropriate relief on Taborn's behalf, asking the court to vacate the judgment in the 1986 case.

j. On or about August 28, 1998, Covington met with Respondent concerning Taborn's motion for appropriate relief in the 1986 case. No representative of the District Attorney's staff was present and Taborn's case was not on any court calendar for disposition at the time of the ex parte meeting between Covington and Respondent.

k. On or about August 28, 1998, Respondent knowingly caused his signature to be stamped to an order which not only vacated the judgment but dismissed the 1986 case.

l. On or about August 28, 1998, Durham County court personnel entered Respondent's order concerning the 1986 case into the official court computer system.

4. Respondent's actions constituted willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute and violate[s] Canons 2A, 2B, 3A(1) and 3A(4) of the North Carolina Code of Judicial Conduct.

In addition and in the alternative, the Commission alleged that respondent engaged in conduct inappropriate to his judicial office as follows:

[5.] a. [P]aragraphs 3(a)-(e), 3(g)-(j) and 3(l) are realleged and reincorporated as if set out fully herein.

b. On or about July 7, 1998, Respondent caused his signature to be stamped to an order dismissing the 1983 case without taking adequate steps to ascertain the contents and effect of the order.

c. On or about August 28, 1998, Respondent caused his signature to be stamped to an order dismissing the 1986 case without taking adequate steps to ascertain the contents and effect of the order.

6. As to the Alternative Claim for Relief, Respondent's actions constituted willful misconduct in office and conduct prejudicial to the administration of justice[] that brings the judicial office into disrepute and violate[s] Canon[s] 2A, 2B and 3A.

On 28 December 2001, respondent answered the complaint, admitting the facts as alleged in paragraph 3(a), 3(b), 3(c), 3(d), 3(g), 3(h), 3(i), and 3(*l*). Respondent further answered as follows:

[3.]  (e)  Insofar as Paragraph 3e alleges that Covington met with Respondent concerning Taborn's motion for appropriate relief in the 1983 case, the same is admitted. Insofar as Paragraph 3e alleges that no representative of the District Attorney's staff was present, it is admitted, upon information and belief, that no representative of the District Attorney's staff was present at the bench; however, insofar as the meeting with Covington occurred while Respondent was on the bench in open court presiding over a regularly scheduled session of the District Court for Durham County[,] . . . it is believed by Respondent that a member of the staff of the District Attorney's office was indeed present in court at the time Covington approached Respondent. Further, in light of the considerable length of time which has passed since the meeting with Covington[,] Respondent cannot recall whether or not he was informed by Covington that the motion for appropriate relief in the 1983 case had been presented by Covington to the District Attorney; however, insofar as Respondent does not believe that he would have ever consented to consider the same in the absence of an assurance by Covington that the consent of the District Attorney had been given to an ex parte consideration and entry of an order for appropriate relief in the 1983 case, that allegation is denied. Insofar as Paragraph 3e alleges that Taborn's case was not on any court calendar for disposition on or about July 7, 1998, the same is admitted.

(f)  Insofar as Paragraph 3f alleges that Respondent knowingly caused his signature to be stamped on an order that, by its terms, vacated the judgment in the Taborn case, the same is admitted; however, Respondent was at no time informed nor did Respondent know that the order referred to in Paragraph 3f, in fact, dismissed the 1983 case. Respondent alleges further in response to the allegations of Paragraph 3f that his approval and signature of the order vacating the judgment and dismissing the 1983 case was procured by the willful and knowing misrepresentation made to Respondent by Covington that were calculated to mislead and did, in fact, mislead Respondent into believing that he was entering only an order for appropriate relief vacating Taborn's 1983 con-

IN RE BROWN

[356 N.C. 278 (2002)]

viction and allowing the case to be placed on the calendar for the entry of a new judgment. Because Respondent is blind and had established appropriate procedures for review of proposed orders by his judicial assistant, he was entitled to believe and, in fact, did believe that his signature stamp was placed on an order which accurately reflected the order he intended be entered and not an order dismissing the 1983 case. In fact, Respondent's former judicial assistant, who was incompetent and who was later terminated, failed to alert him to the material difference in the order resulting in the dismissal of the 1983 case.

. . . .

(j) Insofar as Paragraph 3j alleges that Covington met with Respondent on or about August 28, 1998, concerning his motion for appropriate relief in the 1986 case, the same is, upon information and belief, admitted. Insofar as Paragraph 3j alleges that no representative of the District Attorney's staff was present, the same is denied. Insofar as Paragraph 3j alleges that Taborn's case was not on any court calendar for disposition on or about August 28, 1998, the same is admitted.

(k) Insofar as Paragraph 3k alleges that Respondent knowingly caused his signature to be stamped on an order that, by its terms, vacated the judgment in the Taborn case, the same is admitted; however, Respondent was at no time informed nor did Respondent know that the order referred to in Paragraph 3k in fact dismissed the 1986 case. Respondent alleges further in response to the allegations of Paragraph 3k that his approval and signature of the order vacating the judgment and dismissing the 1986 case was procured by willful and knowing misrepresentations made to Respondent by Covington that were calculated to mislead and did, in fact, mislead Respondent into believing that he was entering an order for appropriate relief vacating Taborn's 1986 conviction and allowing the case to be placed on the calendar for the entry of a new judgment. Because Respondent is blind and had established appropriate procedures for review of proposed orders by his judicial assistant, he was entitled to believe and, in fact, did believe that his

**IN RE BROWN**

[356 N.C. 278 (2002)]

signature stamp was placed on an order which accurately reflected the order he intended be entered and not an order dismissing the 1986 case. In fact, Respondent's former judicial assistant, who was incompetent and who was later terminated, failed to alert him to the material difference in the order resulting in the dismissal of the 1986 case.

. . . .

4. Insofar as Paragraph 4 constitutes a legal conclusion, the same is neither admitted nor denied.

5. Paragraph 5, insofar as the preamble to the same alleges that Respondent engaged in conduct inappropriate to his judicial office, the same is more specifically responded to hereinbelow:

   (a) Paragraph 5a requires no additional answer.

   (b) Paragraph 5b is admitted insofar as the same alleges that on or about July 7, 1998, Respondent caused his signature to be stamped on an order dismissing the 1983 case. The remaining allegations of Paragraph 5b are denied.

   (c) Paragraph 5c is admitted insofar as the same alleges that on or about August 28, 1998, Respondent caused his signature to be stamped on an order dismissing the 1986 case. The remaining allegations of Paragraph 5c are denied.

6. Insofar as Paragraph 6 constitutes a legal conclusion, the same is neither admitted nor denied.

WHEREFORE, Respondent respectfully prays that the North Carolina Judicial Standards Commission make an appropriate recommendation to the North Carolina Supreme Court as provided by law and as the facts and evidence warrant.

On 7 March 2002, respondent was served with a notice of formal hearing concerning the charges alleged. The Commission conducted the hearing on 3 May 2002, at which time special counsel presented no evidence as to the allegations of paragraphs 3(f) and 3(k) of the complaint. Therefore, the Commission made no findings of fact, conclusions of law, or recommendation concerning those paragraphs of the complaint and dismissed those allegations. Special counsel did

present evidence at the hearing as to the allegations of paragraphs 5(a)-5(c) of the complaint, to which allegations respondent, through counsel, admitted at the hearing. After hearing the evidence, the Commission concluded that respondent's actions constituted:

a. conduct in violations of Canons 2A and 3A(1) of the North Carolina Code of Judicial Conduct and

b. conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

The Commission recommended that this Court censure respondent.

In proceedings pursuant to N.C.G.S. § 7A-376, this Court acts as a court of original jurisdiction, rather than in its usual capacity as an appellate court. *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). In reviewing the recommendations of the Commission, the recommendations are not binding upon this Court. We consider the evidence on both sides and then exercise independent judgment as to whether to censure, to remove, or to decline to do either. *In re Nowell*, 293 N.C. 235, 244, 237 S.E.2d 246, 252 (1977).

The quantum of proof in proceedings before the Commission is proof by clear and convincing evidence. *Id.* at 247, 237 S.E.2d at 254. Such proceedings are not meant "to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice." *Id.* at 241, 237 S.E.2d at 250. After thoroughly examining the evidence presented to the Commission, we conclude the Commission's findings of fact are supported by clear and convincing evidence, and we adopt them as our own. *See In re Harrell*, 331 N.C. 105, 110, 414 S.E.2d 36, 38 (1992).

The conduct of respondent unquestionably warrants censure. As we recognized in *Nowell*:

The power of the district court over the lives and everyday affairs of our citizens makes it imperative that the district court judges of the State not only be fully capable but also dedicated to carrying out their official responsibilities in accordance with the law and established standards of judicial conduct.

*Nowell*, 293 N.C. at 252, 237 S.E.2d at 257. Respondent overstepped his authority, engaged in misconduct, and brought disrepute to the judiciary of our state.

**EDDINGS v. SOUTHERN ORTHOPEDIC & MUSCULOSKELETAL ASSOCS.**

[356 N.C. 285 (2002)]

In light of the foregoing, we conclude that respondent's actions constitute conduct in violation of Canons 2A and 3A(1) of the North Carolina Code of Judicial Conduct. Therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent, Craig B. Brown, be, and he is hereby censured for willful misconduct and conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

By Order of the Court in Conference, this the 3rd day of October, 2002.

Butterfield, J.
For the Court