BRADY, J.
The Judicial Standards Commission (Commission) notified Judge Jerry Braswell (respondent) on 11 March 2002 that it had ordered a preliminary investigation to determine whether formal proceedings under Commission Rule 9 should be instituted against him. The subject matter of the investigation included allegations that respondent presided over a hearing in the case of R. Walt Willingham and Nathaniel Willingham v. Interbay Funding, L.L.C. and David Craig as substitute trustee on 22 January 2002 in Onslow County when the plaintiff in that case had an unrelated lawsuit pending against Judge Braswell. On 29 April 2003, special counsel for the Commission filed a complaint alleging respondent "engaged in conduct inappropriate to his judicial office by failing to recuse himself, both initially and after a motion for recusal in open court, from presiding over a hearing . . . while a party or attorney . . . was a party in a civil lawsuit that had not been dismissed against the respondent." The complaint filed by the special counsel for the Commission further alleged that respondent's actions "constitute[d] willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute and are in violation of Canons 2A and 3C(1) of the North Carolina Code of Judicial Conduct and the respondent's oath of office."
In his response to the complaint filed 30 May 2003, respondent answered, inter alia, "[t]hat at no time, during either the chamber discussions or the court hearing, did the Respondent believe that a conflict of interest existed, thereby requiring his recusal."
On 1 July 2003 the Commission served respondent with a notice of formal hearing concerning the charges alleged. The Commission conducted the hearing on 14 August 2003 at which time special counsel for the Commission presented evidence supporting the allegations in the complaint. In its recommendation to this Court dated 11 September 2003 the Commission found, inter alia, the following: "The matter of R. Walt Willingham and Nathaniel Willingham v. Interbay Funding, L.L.C. and David Craig, as substitute trustee, . . . was set for hearing on January 22, 2002before the respondent. At the same time, the matter of Nathaniel Willingham v. Jerry Braswell . . . was still pending and had not been concluded."
The Commission further found "Nathaniel Willingham made an informal motion in chambers and thereafter a formal motion on the record for the respondent to disqualify himself in the case of R. Walt Willingham and Nathaniel Willingham v. Interbay Funding, L.L.C. and David Craig, as substitute trustee, . . . based on Nathaniel Jerome Willingham's and respondent's adversarial relationships." Judge Braswell denied Willingham's motions for disqualification and immediately thereafter presided over the hearing on 22 January 2002 in the case of R. Walt Willingham and Nathaniel Willingham v. Interbay Funding, L.L.C. and David Craig, as substitute trustee.
Based on its findings of fact the Commission concluded on the basis of the clear and convincing evidence presented at the hearing that respondent's conduct constituted:
a. conduct in violation of Cannons 2A and 3C(1) of the North Carolina Code of Judicial Conduct;
b. conduct prejudicial to the administration of justice that brings the judicial office into disrepute.
Based on the foregoing findings of fact and conclusions of law the Commission recommended that this Court censure the respondent. See N.C.G.S. §§ 7A-376 and 7A-377 (2003).
In reviewing the Commission's recommendations pursuant to N.C.G.S. §§ 7A-376 and 7A-377, this Court acts as a court of original jurisdiction, rather than in its usual capacity as anappellate court. See In re Peoples, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), cert. denied, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). "In reviewing the recommendations of the Commission, the recommendations are not binding upon this Court. We consider the evidence on both sides and then exercise independent judgment as to whether to censure, to remove, or to decline to do either." In re Inquiry Concerning a Judge (Brown), 356 N.C. 278, 284, 570 S.E.2d 102, 105 (2002).
The quantum of proof in proceedings before the Commission is proof by clear and convincing evidence. In re Nowell, 293 N.C. 235, 247, 237 S.E.2d 246, 254 (1977). Such proceedings are not meant "to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice." Nowell, 293 N.C at 241, 237 S.E.2d at 250. After thoroughly examining the evidence presented to the Commission, we conclude the Commission's findings of fact are supported by clear and convincing evidence and adopt them as our own. See In re Harrell, 331 N.C. 105, 110, 414 S.E.2d 36, 38 (1992).
In the case at bar, the Commission found that Judge Braswell improperly failed to recuse himself in the matter of R. Walt Willingham and Nathaniel Willingham v. Interbay Funding, L.L.C. and David Craig, as substitute trustee. "`[T]he burden is upon the party moving for disqualification to demonstrate objectively that grounds for disqualification actually exist. Such a showing must consist of substantial evidence that there exists such a personal bias, prejudice or interest on the part ofthe judge that he would be unable to rule impartially.'" State v. Fie, 320 N.C. 626, 627, 359 S.E.2d 774, 775 (1987). "Thus, the standard is whether `grounds for disqualification actually exist.'" Lange v. Lange, 357 N.C. 645, 649, 588 S.E.2d 877, 880 (2003) (quoting Scott, 343 N.C. at 325, 471 S.E.2d at 612). We conclude that the pending case against Judge Braswell created grounds for disqualification because Judge Braswell's "impartiality [could] reasonably be questioned." Code of Judicial Conduct Canon 3C(1), 2004 N.C. R. Ct. 308.
In light of the foregoing, we conclude that respondent's actions constitute violations of Cannons 2A and 3C(1) of the North Carolina Code of Judicial Conduct and thus a violation of N.C.G.S. § 7A-376 (conduct prejudicial to the administration of justice that brings the judicial office into disrepute). Therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent, Jerry Braswell, be and he is hereby, censured.
By order of the Court in Conference, this 12th day of August 2004.