STATE OF NORTH CAROLINA v. ORMAND BARRY CRABTREE

No. 8327SC474

(Filed 21 February 1984)

1. Narcotics § 5— trafficking in marijuana—lesser sentence for substantial assistance—exemption from service of minimum term before release

Where defendant pled guilty to trafficking in marijuana for which the minimum sentence was three years, and the trial court sentenced defendant to a lesser term of 23 months based on his "substantial assistance" pursuant to G.S. 90-95(h)(6), the language of former G.S. 90-95(h)(5), "except as provided in G.S. 90-95(h)(6)," exempted defendant from the requirement of the statute that defendant "serve the applicable minimum prison term . . . before either unconditional release or parole." Therefore, defendant was entitled to receive credit for good time or gain time under the appropriate regulations of the Department of Correction and was .properly discharged unconditionally by the Department of Correction before he had served the 23 months on a day-to-day basis.

2. Arrest and Bail § 9.2— conditions of release pending appeal

Conditions of defendant's release pending appeal which restricted defendant's right to leave the county and to possess firearms unless he posted a $20,000.00 secured bond were within the trial court's discretion. G.S. 15A-536.

3. Judges § 5— motion to recuse—failure to hold hearing ·

The trial judge did not err in failing to conduct a hearing on defendant's motion to recuse where there were no facts to cause a reasonable man knowing all the circumstances to doubt the judge's ability to rule on the motion to recuse in an impartial manner.

APPEAL by defendant from *Burroughs, Judge.* Orders entered 8 December 1982 in Superior Court, LINCOLN County. Heard in the Court of Appeals 6 December 1983.

On 14 November 1980, defendant was arrested for trafficking in marijuana. Defendant was indicted on 5 January 1981, and on 3 April 1981 he entered a plea of guilty to trafficking in marijuana in violation of G.S. 90-95(h)(1)(b), for which the mandatory minimum sentence was three years. On 13 May 1981, based on defendant's assistance to law enforcement officers, the trial court, acting pursuant to G.S. 90-95(h)(6), sentenced defendant to a lesser term of 23 months in prison and a $20,000.00 fine, to be paid no later than 31 December 1981.

On 23 November 1981, after serving seven months of his sentence in the custody of the Department of Correction and

receiving administrative credits against his prison sentence for jail time, good conduct time, and gain time, defendant was unconditionally discharged.

On 27 October 1982, Judge Burroughs ordered defendant to appear at a hearing to show cause why he should not be held in contempt for failure to pay his fine of $20,000.00 and why he should not be recommitted to the Department of Correction to serve the balance of his 23 month sentence. The hearing was held on 10 November 1982 and was continued until 8 December 1982 so that a plan for defendant to pay the unpaid portion of his fine could be worked out. As of 10 November 1982, defendant had paid $895.00 of his fine.

At the beginning of the 8 December 1982 hearing, the trial judge rejected defendant's motion that the judge recuse himself from the proceeding because of his bias against both defendant and defendant's attorney. After the hearing, an order was entered, on 8 December 1982, committing defendant to the custody of the Department of Correction to complete serving "the entire minimum sentence of 23 months on a day for day basis." Defendant appealed. A second order of 8 December 1982 set conditions of release pending appeal which restricted, *inter alia,* defendant's right to leave Lincoln County and his right to possess any firearms. These restrictions were to be lifted only if defendant posted a $20,000.00 secured bond.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Triggs and Clontz, by C. Gary Triggs, for defendant-appellant.*

EAGLES, Judge.

Defendant assigns as error the trial judge's entry of the 8 December 1982 order recommitting defendant to the Department of Correction. We agree.

At issue here is the interpretation of G.S. 90-95(h) which was enacted by the General Assembly in two different versions. 1979 Session Laws (2d Session), ch. 1251, s. 6 (first version) and 1979 S.L. (2d Session), ch. 1251, s. 7; 1981 S.L., ch. 63, s. 1(e); 1981 S.L.,

ch. 179, s. 14 (second version). Missing from the second version is subdivision (h)(5) of the first version of G.S. 90-95.

Defendant pled guilty to a violation of G.S. 90-95(h)(1)(b) that occurred on 14 November 1980. The first version of G.S. 90-95(h) applies to this offense since it was committed after 1 July 1980 and before 1 July 1981. Subdivisions (h)(5) and (h)(6) of the first version provide that:

> (5) Notwithstanding any other provisions of law, except as provided in G.S. 90-95(h)(6), any person who has been convicted of a violation of this subsection shall serve the applicable minimum prison term provided by this subsection before either unconditional release or parole.

> (6) A person sentenced under this subsection is not eligible for early release or early parole if the person is sentenced as a committed youthful offender and the sentencing judge may not suspend the sentence or place the person sentenced on probation. However, the sentencing judge may reduce the fine, or impose a prison term less than the applicable minimum prison term provided by this subsection, or suspend the prison term imposed and place a person on probation when such person has, to the best of his knowledge, provided substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals if the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance.

G.S. 90-95(h)(1)(b) mandates that defendant's sentence be "not less than three years," but the trial judge may reduce a defendant's sentence to a lesser amount upon a finding that defendant rendered substantial assistance as provided in G.S. 90-95(h)(6). In the case *sub judice*, the trial court sentenced defendant to a lesser term of 23 months based on his "substantial assistance" as contemplated by subsection (h)(6).

[1] The issue here is whether the language of subdivision (h)(5) of G.S. 90-95 (first version), "except as provided in G.S. 90-95(h)(6)," exempts a defendant sentenced to a lesser prison term pursuant to G.S. 90-95(h)(6) from the requirement that he "serve the applicable minimum prison term . . . before either un-

conditional release or parole." We hold that it does. We hold that defendant was entitled to receive credit for good time or gain time under the appropriate regulations of the Department of Correction. Here, because of time credited against his sentence by the Department of Correction, defendant was not required to serve the sentence of 23 months on a day for day basis. The Department of Correction properly released defendant, and Judge Burroughs erred in ordering him recommitted.

We note that the second version of G.S. 90-95, applicable to offenses committed on or after 1 July 1981, does not contain subsection (h)(5) as it appears in the first version.

Since we reverse the order to recommit defendant, we do not address defendant's argument that Judge Burroughs did not have the authority to review the propriety of the unconditional release of defendant by the Department of Correction. We note, however, that at least one jurisdiction has dealt with the issue of improper early release of a prisoner who had not fully served a minimum sentence through a contempt proceeding against a superintendent of prisons. *State ex rel. Murphy v. Superior Court of Maricopa County*, 30 Ariz. 332, 246 P. 1033 (1926).

[2] Defendant also assigns as error the trial judge's failure to require the State to offer some evidence to justify the restrictions placed on defendant while he was on release pending appeal. We find no error. G.S. 15A-536 provides that the trial court *may* release a defendant, pending appeal, and may impose restrictions on the defendant. The terms of the release are within the discretion of the court, *State v. Sparks*, 297 N.C. 314, 255 S.E. 2d 373 (1979), and we find here no abuse of discretion.

[3] Defendant also contends that the trial judge erred in failing to conduct a hearing on defendant's motion to recuse. G.S. 15A-1223(b) provides that a judge, on motion of the State or the defendant, must disqualify himself from presiding over a criminal proceeding if he is, for any reason, unable to perform the duties required of him in an impartial manner. A trial judge must refer a motion to recuse to another judge "for consideration and disposition when 'a reasonable man knowing all the circumstances would have doubts about the judge's ability to rule on the motion to recuse in an impartial manner.'" *State v. Hill*, 45 N.C. App. 136, 141, 263 S.E. 2d 14 (1980) (quoting *McClendon v. Clinard*, 38 N.C.

App. 353, 356, 247 S.E. 2d 783, 785 (1978) ). Here, there are no facts to cause a reasonable man knowing all the circumstances to doubt the judge's ability to rule on the motion to recuse in an impartial manner. Accordingly there was no error in the trial judge's failure to schedule a hearing on defendant's motion to recuse.

Order committing defendant to the custody of the Department of Correction is

Reversed.

Judges HEDRICK and BRASWELL concur.