STATE OF NORTH CAROLINA v. FLOYD RUFUS FIE AND STEVE HARVER-
SON

No. 389A86

(Filed 3 September 1987)

**Judges § 5— recusal—standard of proof—letter asking grand jury consideration of charges against defendants**

　　The appearance of a preconception by the trial judge concerning the validity of the charges against a defendant is sufficient to require that the trial judge be recused upon motion by defendants. Therefore, the trial judge should have been recused where the evidence showed that the judge had written a letter to the district attorney requesting that the grand jury be asked to consider eight criminal charges against one defendant and seven criminal charges against the second defendant based on testimony he had heard when presiding over the trial of a third person.

APPEAL by defendants of right pursuant to N.C.G.S. § 7A-30(2), from the decision of a divided panel of the Court of Appeals, reported at 80 N.C. App. 577, 343 S.E. 2d 248 (1986), affirming in part, reversing in part and arresting in part judgments entered by *Burroughs, Judge,* at the 29 August 1984 Criminal Session of HAYWOOD County Superior Court. Heard in the Supreme Court 16 April 1987.

　　The defendants appeal from a decision of the Court of Appeals in which a divided panel found no error in their convictions of conspiracy to commit breaking or entering and accessory before the fact to breaking or entering and larceny. Judge Wells dissented on the ground that the judge who tried the case should have been recused.

　　Prior to the trial of the case each defendant made a motion that Judge Burroughs be recused. In support of the motions, the defendants attached a copy of a letter Judge Burroughs had written to the district attorney requesting that the grand jury be asked to consider eight criminal charges against Floyd Fie and seven criminal charges against Steve Harverson. Judge Burroughs based his letter on testimony he had heard in the trial of Donna Rowe over which he had presided. That testimony indicated that the defendants in this case might be implicated in the charges for which Donna Rowe was tried. The defendants stated in their motions that by writing the letter, Judge Burroughs

showed his disbelief of their witnesses in the Rowe trial. These same witnesses were to testify at the defendants' own trials. The defendants stated that the letter indicated Judge Burroughs' partiality.

The motion to recuse was heard by Judge Downs who denied the motion. The majority in the Court of Appeals found no error in Judge Downs' order.

*Lacy H. Thornburg, Attorney General, by Joan H. Byers, Special Deputy Attorney General, for the State.*

*John E. Shackelford, for the defendant Floyd Rufus Fie.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Geoffrey C. Mangum, Assistant Appellate Defender, for the defendant Steven Harverson.*

WEBB, Justice.

This case brings to the Court the question of the standard to be applied when a defendant makes a motion that a judge be recused. Judge Martin in his concurring opinion in the Court of Appeals said that in his view "the burden is upon the party moving for disqualification to demonstrate objectively that grounds for disqualification actually exist. Such a showing must consist of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially." Judge Martin relied on *State v. Duvall*, 50 N.C. App. 684, 275 S.E. 2d 842, *rev'd on other grounds*, 304 N.C. 557, 284 S.E. 2d 495 (1981) and *Love v. Pressley*, 34 N.C. App. 503, 239 S.E. 2d 574 (1977), *disc. rev. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978). These cases support Judge Martin's position. Nevertheless, we also agree with Judge Wells that a party has a right to be tried before a judge whose impartiality cannot reasonably be questioned. Code of Judicial Conduct, Canon 3(C)1 (1973).

N.C.G.S. § 15A-1223 provides in pertinent part:

. . .

(b) A judge, on motion of the State or the defendant, must disqualify himself from presiding over a criminal trial or other criminal proceeding if he is:

(1) Prejudiced against the moving party or in favor of the adverse party; or

. . .

(4) For any other reason unable to perform the duties required of him in an impartial manner.

It appears that under this section Judge Burroughs should not have been disqualified. This does not settle the matter. A judge may be disqualified for reasons other than those stated in the statute. We said in *Ponder v. Davis*, 233 N.C. 699, 706, 65 S.E. 2d 356, 360 (1951):

It is not enough for a judge to be just in his judgment; he should strive to make the parties and the community feel that he is just; he owes this to himself, to the law and to the position he holds. . . . "The purity and integrity of the judicial process ought to be protected against any taint of suspicion to the end that the public and litigants may have the highest confidence in the integrity and fairness of the courts." (*Quoting, Haslam v. Morrison*, 113 Utah 14, 190 P. 2d 520.)

N.C.G.S. § 5A-15 which governs plenary proceedings for criminal contempt provides that if "the criminal contempt is based upon acts before a judge which so involve him that his objectivity may reasonably be questioned, the order must be returned before a different judge." The standard for a criminal trial should be as high as for a criminal contempt proceeding. *See State v. Mettrick*, 305 N.C. 383, 289 S.E. 2d 354 (1982).

When Judge Burroughs initiated the criminal process against the two defendants, a perception could be created in the mind of a reasonable person that Judge Burroughs thought the defendants were guilty of the crimes with which they were charged and that it would be difficult for the defendants to receive a fair and impartial trial before Judge Burroughs. It was thus error for Judge Downs not to recuse Judge Burroughs. This error requires a new trial.

We do not mean to imply that Judge Burroughs was actually prejudiced against the defendants or that he was in fact unable to preside fairly over the trial. The appearance of a preconception of

the validity of the charges against these defendants is sufficient to require a new trial.

New trial.