STATE OF NORTH CAROLINA v. HEATHER MILLER KENNEDY

No. 928SC257

(Filed 18 May 1993)

**Judges, Justices, and Magistrates § 27 (NCI4th)— motion to recuse—DWI defendant—judge's wife injured by impaired driver—motion denied—no error**

There was no error in a judge's denial of a DWI defendant's motion for recusal where defendant alleged that the judge could not be impartial because his wife had been seriously injured by an impaired driver. A trial judge's personal views on the particular crime for which a defendant is charged do not, without more, show that he is prejudiced or biased or give rise to a reasonable belief that the trial court could not rule impartially. The defendant's motion and its supporting affidavit do not allege that the trial judge has any strong feelings about defendant herself; rather, they suggest that the trial judge, for personal reasons, has strong feelings about the crime of driving while impaired. Assuming such feelings exist, they are directed to the subject matter of the case and not to defendant and are not indicative of any bias against defendant, nor are they sufficient to give a reasonable person grounds to believe that the judge could not act impartially

in the matter. N.C.G.S. § 15A-1223; Canon 3 of the Code of Judical Conduct.

**Am Jur 2d, Judges § 86.**

Appeal by defendant from judgment entered 12 December 1991 in Wayne County Superior Court by Judge Wiley F. Bowen. Heard in the Court of Appeals 30 March 1993.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Barnes, Braswell, Haithcock & Warren, P.A., by Glenn A. Barfield, for defendant-appellant.*

GREENE, Judge.

Defendant Heather Miller Kennedy appeals from a judgment entered 12 December 1991, based on a jury verdict convicting her of driving while impaired and from the trial court's denial of defendant's motion to recuse the trial judge.[1]

Defendant was arrested 20 October 1990, and charged with driving while impaired. She was convicted in district court on 26 June 1991, and gave notice of appeal to the superior court. Prior to trial in the superior court, on 4 December 1991, defendant's attorney filed a motion that the trial judge recuse himself on the ground that he could not be impartial because

the Honorable Judge's wife was involved in an accident wherein she was seriously injured, and the person driving the [other] vehicle was at fault in the accident [and] was impaired.

The motion to recuse was accompanied by an affidavit from a local attorney containing the following:

That it is my belief . . . that the [trial judge] has been especially requested to preside over this session of court [at which most defendants are charged with driving while impaired] . . . because of his feelings toward Driving While Impaired offenders. I have been informed that the [trial judge's] wife was seriously injured in an automobile accident caused by an impaired driver.

---

1. Defendant abandons all issues on appeal concerning the judgment and argues only the propriety of the trial court's denial of the motion to recuse.

I believe that this has an adverse impact upon any person
. . . convicted of Driving While Impaired while the [trial judge]
is presiding . . . .

Defendant entered a plea of not guilty in superior court on 11
December 1991. The trial judge heard argument on the motion
to recuse, and defendant's attorney made a motion to have another
superior court judge hear the motion to recuse, stating "that the
Affidavit that has been presented along with the Motion [to recuse]
. . . present[s] such facts as a reasonable man would find would
require Your Honor to refer the case to another Judge." The trial
judge denied the motion to have another superior court judge hear
the motion to recuse and denied the motion to recuse. The jury
returned a verdict of guilty of driving while impaired.

---

The dispositive issue is whether the trial judge's alleged opin-
ions regarding the crime of driving while impaired constitute prop-
er grounds to require the judge to recuse himself.

Defendant asserts that she is allegedly a member of a class,
those accused of driving while impaired, against which the trial
judge is biased, and that this bias stems from the fact that the
trial judge's wife was seriously injured by an impaired driver.
In the alternative, defendant argues that even if these facts are
not sufficient to show actual bias, they are enough to raise doubts
in the mind of a reasonable person as to whether the judge could
rule impartially, and, therefore, give rise to the appearance of
partiality. We do not agree.

Both N.C.G.S. § 15A-1223 and Canon 3 of the Code of Judicial
Conduct control the disqualification of a judge presiding over a
criminal trial when partiality is claimed. *State v. Fie*, 320 N.C.
626, 627, 359 S.E.2d 774, 775 (1987).

North Carolina Gen. Stat. § 15A-1223 provides in pertinent part:

(b) A judge, on motion of the State or the defendant,
must disqualify himself from presiding over a criminal trial
or other criminal proceeding if he is:

(1) Prejudiced against the moving party or in favor of
the adverse party; . . .

N.C.G.S. § 15A-1223(b)(1) (1988).

STATE v. KENNEDY

[110 N.C. App. 302 (1993)]

The Code of Judicial Conduct provides in pertinent part:

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

    (a) He has a personal bias or prejudice concerning a party

    . . .

Code of Judicial Conduct, Canon 3(C)(1)(a) (1993).

The burden is on the party moving for recusal to " 'demonstrate objectively that grounds for disqualification actually exist.' " *In re Nakell*, 104 N.C. App. 638, 647, 411 S.E.2d 159, 164 (1991), *disc. rev. denied*, 330 N.C. 851, 413 S.E.2d 556 (1992) (citation omitted). The moving party may carry this burden with a showing " 'of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially,' " *id.*, or a showing that the circumstances are such that a reasonable person would question whether the judge could rule impartially. *See Fie*, 320 N.C. at 628, 359 S.E.2d at 775-76.

The "bias, prejudice or interest" which requires a trial judge to be recused from a trial has reference to the personal disposition or mental attitude of the trial judge, either favorable or unfavorable, toward a party to the action before him. *See* 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 21.4(b) (1984); Leslee Daugherty, *State v. Fie: Determining the Proper Standard for Recusal of Judges in North Carolina*, 65 N.C. L. Rev. 1138, 1142 (1987); *see generally* 46 Am. Jur. 2d *Judges* §§ 167, 168, 169 (1969). "Bias or prejudice does not refer to any views a judge may entertain toward the subject matter involved in the case." 46 Am. Jur. 2d at § 168. Accordingly, a trial judge's personal views on the particular crime for which a defendant is charged do not, without more, show that he is prejudiced or biased or give rise to a reasonable belief that the trial court could not rule impartially. Nor does the fact that a judge, for whatever personal reasons, views a particular type of crime as more serious or more deserving of punishment than other crimes give a reasonable person grounds to question whether the trial court can rule impartially. *See United States v. Guglielmi*, 615 F. Supp. 1506, 1511 (W.D.N.C. 1985) (fact that trial judge had previously stated strong views critical of pornographers not grounds for recusal in trial of alleged pornographer);

*United States v. Allen*, 633 F.2d 1282, 1294 (9th Cir. 1980) (fact that trial judge personally viewed drug smugglers as "cancer" on society not ground for recusal in trial of drug smuggling defendant).

The defendant's motion and its supporting affidavit do not allege that the trial judge has any strong feelings about defendant herself. Rather, they suggest that the trial judge, for personal reasons, has strong feelings about the crime of driving while impaired. Such feelings, assuming *arguendo* that they do exist, are directed to the subject matter of the case and not to defendant herself. As such, they are not indicative of any bias against defendant, nor are they sufficient to give a reasonable person grounds to believe that the judge could not act impartially in the matter. Therefore, there was no error in the trial judge's failure to recuse himself. Having established that there were no facts presented to cause a reasonable person to doubt the trial judge's impartiality, there is also no error in the trial judge's failure to refer the motion to recuse to another judge. *See State v. Crabtree*, 66 N.C. App. 662, 665-66, 312 S.E.2d 219, 221 (1984) (where facts not shown to cause reasonable person to doubt impartiality, not error to fail to hold hearing on motion to recuse or to fail to refer motion to recuse to another judge).

Affirmed.

Judges WELLS and WYNN concur.