HUDSON, Judge.
A jury found defendant guilty of voluntary manslaughter for the fatal stabbing of Angel Poteat on 23 August 2002. From the judgment and commitment sentencing her to an active prison term of 103 to 133 months, defendant appeals.
Defendant first argues that the judge who presided at her trial, the Honorable Steve A. Balog, erred in declining to recuse himself in light of his prior service as the elected District Attorney for Alamance County. In her "Motion for Recusal of Assigned Judge[,]" defendant alleged she had been prosecuted for several misdemeanors and one felony in Alamance County between 1987 and 1997, during Judge Balog's tenure as District Attorney. Shefurther claimed without explanation that Judge Balog's "office" had hired the current District Attorney in an unspecified capacity. In denying defendant's motion, Judge Balog stated "for the record I do remember [defendant]'s name, but that is the only thing that I remember about [defendant]. I recognize that I've seen the name before, but that's all." Defendant argues that Judge Balog's former service as District Attorney during her previous prosecutions gave rise to "an appearance of impropriety." Under these circumstances, she insists the judge should have either recused himself from her trial or referred the motion to another judge for hearing.
The disqualification of a presiding judge in a criminal trial is governed by N.C. Gen. Stat. § 15A-1223 (2003), and Canon 3 of the Code of Judicial Conduct. Our statutes require recusal if a judge is "[p]rejudiced against the moving party or in favor of the adverse party" in a criminal proceeding. N.C. Gen. Stat. § 15A-1223(b)(1). Similarly, Canon 3(C)(1)(a) of the Code of Judicial Conduct calls for the recusal of a judge when "his impartiality might reasonably be questioned, including but not limited to instances where . . . [h]e has a personal bias or prejudice concerning a party[.]"
A party seeking the disqualification of a judge bears the burden of producing "substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially." State v. Fie, 320 N.C. 626, 627, 359 S.E.2d 774, 775 (1987); see also N.C. Gen. Stat. §15A-1223(c) (providing that a motion for recusal "must be accompanied by one or more affidavits setting forth facts relied upon to show the grounds for disqualification"). The movant's evidence must show a "personal disposition or mental attitude of the trial judge, either favorable or unfavorable, toward a party to the action before him." State v. Scott, 343 N.C. 313, 325-26, 471 S.E.2d 605, 612 (1996) (citing State v. Kennedy, 110 N.C. App. 302, 305, 429 S.E.2d 449, 451 (1993)). "A trial judge should either disqualify himself or refer the matter to another judge if there is sufficient force in the allegations contained in defendant's motion to proceed to find facts." Id. at 326, 471 S.E.2d at 612-13 (internal quotation marks and citations omitted).
Based on the standard set forth above, we find no error in Judge Balog's denial of defendant's motion. Defendant failed to satisfy her evidentiary burden under N.C. Gen. Stat. § 15A-1223(c), providing no affidavit or evidence to support her motion. See County of Johnston v. City of Wilson, 136 N.C. App. 775, 778, 525 S.E.2d 826, 828 (2000). We further find that the circumstances here would not lead a reasonable person to question Judge Balog's personal objectivity in this case. Judge Balog was no longer affiliated with the district attorney's office at the time defendant committed the instant offense and had no role in the prosecution. Cf. Mangum v. Hargett, 67 F.3d 80, 82 (5th Cir. 1995) (interpreting federal recusal statute, 28 U.S.C. § 455), cert. denied, 516 U.S. 1133, 133 L. Ed. 2d 880 (1996). Moreover, defendant made no showing that Judge Balog was personally involvedin any of her earlier prosecutions during his tenure as District Attorney. Cf. United States v. Di Pasquale, 864 F.2d 271, 279 (3d Cir. 1988) (declining to require recusal of district court judge based on her former service as a Supervisory Assistant United States Attorney, "absent a specific showing that th[e] judge was previously involved with [the defendant's] case while in the U.S. Attorney's office"), cert. denied, 492 U.S. 906, 106 L. Ed. 2d 566 (1989). Finally, Judge Balog had no memory of defendant beyond a recognition of her name. Lacking any evidence of personal interest or bias which would warrant the finding of facts, Judge Balog was not required to set the matter for hearing before another judge and was free to summarily deny the motion. Scott, 343 N.C. at 325, 471 S.E.2d at 612-13.
We note that defendant's motion included an assertion that Judge Balog's tenure as District Attorney gave him personal knowledge of her prior convictions in Alamance County, which were used by the State at sentencing to establish her prior record level. We find no cause for disqualification on this ground and no prejudice to defendant, inasmuch as the court was free to take judicial notice of its own records. See State v. Patton, 260 N.C. 359, 367, 132 S.E.2d 891, 896 (1963); State v. Smith, 73 N.C. App. 637, 638-39, 327 S.E.2d 44, 46 (1985).
Defendant also argues a violation of her constitutional right to due process, but she did not preserve this issue in the trial court and cannot raise it for the first time on appeal. State v. Watts, 357 N.C. 366, 372, 584 S.E.2d 740, 745 (2003) (citing Statev. Benson, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988)), cert. denied, ___ U.S. ___, ___ L. Ed. 2d ___ (U.S. Mar. 22, 2004).
Defendant next asserts the trial court erred in overruling her challenge to the prosecutor's use of a peremptory challenge to exclude an African-American female from the jury. Batson v. Kentucky, 476 U.S. 79, 79-80, 90 L. Ed. 2d 69, 69-70 (1986). In response to defendant's Batson challenge, the court made the following findings::
[T]here has been no prima faci[e] showing of any discrimination on the basis of race on the part of the District Attorney in the selection of this jury. I note for the record that the District Attorney has exercised two peremptory challenges. Mr. Porcher was a white male. Ms. Jesse White is a black female. And there has been no showing of any prima faci[e] showing of racial discrimination, and the Batson motion is denied.
Defendant contends she made a prima facie showing of intentional discrimination under Baston, because both defendant and juror White were African-American females. Under these circumstances, she argues that the trial court erred in failing to require the prosecutor to articulate a race-neutral reason for the challenge.
A defendant who claims discrimination by the prosecutor in jury selection must "provide the appellate court with an adequate record from which to determine whether jurors were improperly excused by peremptory challenges at trial." State v. Mitchell, 321 N.C. 650, 654, 365 S.E.2d 554, 556 (1988) (citing Jackson v. Housing Authority of High Point, 321 N.C. 584, 585, 364 S.E.2d 416, 417 (1988)). However, the record reveals the race of only seven members of the jury pool. The trial transcript reflects theprosecution used two of its six peremptory challenges, one against a white male and the other against an African-American female. Of the remainder of the jury venire, two members identified themselves as African-American, and three identified themselves as white. No other information regarding the racial composition of the jury appears in either the trial transcript or the documentary record. Having "fail[ed] to elicit from the jurors by means of questioning or other proper evidence the race of each juror," defendant has failed to construct a record sufficient for appellate review of her Batson claim. State v. Brogden, 329 N.C. 534, 546, 407 S.E.2d 158, 166 (1991). Accordingly, this assignment is dismissed. See State v. Shelman, 159 N.C. App. 300, 311, 584 S.E.2d 88, 95-6, (citing State v. Bellamy, 159 N.C. App. 143, 146, 582 S.E.2d 663, 666 (2003)), disc. review denied, 357 N.C. 581, 589 S.E.2d 363 (2003).
The record on appeal contains additional assignments of error not addressed by defendant in her brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6), we deem them abandoned.
No error.
Judges STEELMAN and THORNBURG concur.
Report per Rule 30(e).