ARROWOOD, Judge.
Suzanne Sarver ("defendant") appeals from orders denying a motion to recuse, granting summary judgment in favor of Community Management Corporation ("plaintiff"), and dismissing her counterclaims and third-party claims. For the following reasons, we affirm.
I. Background
Plaintiff filed a complaint in summary ejectment in Macon County Small Claims Court on 10 August 2016 and a magistrate summons was issued. Plaintiff sought possession of the apartment rented to defendant, which was public housing subject to Section 8 benefits.
On 26 August 2016, defendant filed notice of appeal from the magistrate's judgment entered 18 August 2016. In the notice of appeal, defendant demanded a jury trial in district court. At the time notice of appeal was filed, defendant's petition to proceed as an indigent was allowed and bond was issued to stay execution of the summary ejectment judgment pending the appeal.
Once in district court, plaintiff filed an expanded summary ejectment complaint on 12 October 2016. Defendant responded by filing an answer and counterclaim on 16 November 2016, followed by an amended answer and counterclaim on 12 December 2016 that purported to add third-party defendants. Plaintiff filed a motion to dismiss and answer to defendant's counterclaims on 13 February 2017 and a motion for judgment on the pleadings, partial summary judgment, and/or summary judgment on all its claims on 22 February 2017. Third-party defendant David Eagan filed motions to dismiss and answer to defendant's third-party complaint on 22 February 2017.
Between 7 and 10 March 2017, defendant filed various motions, including: "Motion to Add Additional Counterclaim Defendants Pursuant to Rule 13," "Motion to Correct Wording in the Amended Answer and Any Other Filings," "Motion to Bar Use of Statements," "Defendants Motion for Judgment on Pleadings/Partial Summary Judgment/Summary Judgment," and "Motion to Dismiss the Eviction/Summary Judgment/Affidavit Answer to CMC."
During the period defendant was filing motions, plaintiff filed a certificate of service showing that it served defendant with notice of hearing on its motion for judgment on the pleadings and for summary judgment and numerous affidavits. Third-party defendant Bradley Lackey filed motions to dismiss and answer to defendant's third-party complaint on 13 March 2017.
On 14 March 2017, defendant filed responses to third-party defendants Eagan's and Lackey's motions to dismiss, in which defendant indicated that service of all of plaintiff's employees was in error. Also on 14 March 2017, defendant filed a motion to recuse Macon County District Court Judge Roy Wijewickrama from the matter because of alleged bias in favor of plaintiff's attorney.
Plaintiff's motion for judgment on the pleadings and for summary judgment that were noticed for hearing came on for hearing in Macon County District Court before the Honorable Roy Wijewickrama on 15 March 2017. At that time, the court first considered defendant's motion to recuse and denied the motion. The court then considered plaintiff's motion for judgment on the pleadings and for summary judgment filed 22 February 2017. Upon hearing arguments on the motions, the court granted plaintiff's motion for summary judgment against defendant in the summary ejectment proceeding. Defendant gave Notice of Appeal in open court.
After a brief recess to review the file, the court considered arguments on the motions to dismiss defendant's counterclaims and third-party claims filed by plaintiff and third-party defendants Eagan and Lackey. The trial court granted those motions.
The court filed an order granting summary judgment in the summary ejectment on 15 March 2017 and orders granting the motions to dismiss defendant's counterclaims and third-party claims and denying defendant's motion to recuse on 27 March 2017. Defendant filed Notice of Appeal on 11 April 2017.
II. Discussion
1. Recusal
Defendant's first argument on appeal is that the district court judge erred in denying the motion to recuse because the judge had a personal bias and prejudice in favor of plaintiff's attorney.
Canon 3(C)(1) of the Code of Judicial Conduct provides, in pertinent part, that "[o]n motion of any party, a judge should disqualify himself/herself in a proceeding in which the judge's impartiality may reasonably be questioned, including but not limited to instances where: (a) The judge has a personal bias or prejudice concerning a party ... [.]" Code of Judicial Conduct Canon 3(C)(1)(a) (2018).
When a party requests such a recusal by the trial court, the party must " 'demonstrate objectively that grounds for disqualification actually exist.' " In re LaRue , 113 N.C. App. 807, 809, 440 S.E.2d 301, 303 (1994) (quoting State v. Kennedy , 110 N.C. App. 302, 305, 429 S.E.2d 449, 451 (1993) (citations omitted) ). The requesting party has the burden of showing through substantial evidence that the judge has such a personal bias, prejudice or interest that he would be unable to rule impartially. See State v. Fie , 320 N.C. 626, 627, 359 S.E.2d 774, 775 (1987) ; State v. Honaker , 111 N.C. App. 216, 219, 431 S.E.2d 869, 871 (1993). If there is sufficient force to the allegations contained in a recusal motion to proceed to find facts, or if a reasonable man knowing all of the circumstances would have doubts about the judge's ability to rule on the motion to recuse in an impartial manner, the trial judge should either recuse himself or refer the recusal motion to another judge. See State v. Poole , 305 N.C. 308, 320, 289 S.E.2d 335, 343 (1982) ; Bank v. Gillespie , 291 N.C. 303, 311, 230 S.E.2d 375, 380 (1976).
In re Faircloth, 153 N.C. App. 565, 570, 571 S.E.2d 65, 69 (2002).
In this case, defendant's motion to recuse alleged that plaintiff's attorney and the judge were good friends and that they had an arrangement whereby the judge would rule in favor of plaintiff's attorney regardless of the facts or law. Defendant then recounted her experiences in the case which she contends reveal the personal bias and prejudice of the judge.
When the court considered defendant's motion, the court gave defendant the opportunity to present arguments on the motion. Defendant responded, "[w]ell, the pleadings, it's just what the pleadings say. There's nothing I want to add."
On appeal to this Court, the majority of defendant's argument concerns the judge's handling of the recusal motion and the judge's rulings on motions decided after the recusal motion that were adverse to defendant's case. Defendant claims that the judge "became visibly enraged and threatening" when the motion to recuse was considered and, therefore, defendant chose to remain silent. Defendant claims the judge considered sanctions and even threatened her with false arrest in a later hearing. A review of the record, however, does not support defendant's allegations regarding the court's reaction and handling of the motion.
The record shows that the recusal motion was considered before any other motions were entertained. The trial judge acknowledged the motion and gave both sides the opportunity to present arguments on the motion. Defendant chose not to do so, relying instead on the contents of her motion to recuse. The contents of the motion, however, do not demonstrate objectively through substantial evidence that grounds for disqualification actually exist. Defendant's purported factual allegations are argumentative, include expressions of her opinion, and are conclusory. Furthermore, defendant did not support the unverified allegations in the motion with affidavits or any other substantial evidence. As a result, we hold the trial court did not err in denying the motion to recuse.
2. Summary Judgment
Defendant also challenges the trial court's grant of summary judgment in favor of plaintiff on its claim for summary ejectment.
"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting Forbis v. Neal , 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) ).
Defendant appears to assert several claims as to why summary judgment was improper. Defendant, however, does not expand those claims into full arguments. First, in the heading to the issue, defendant claims the motion for summary judgment was not supported by facts or citations to authority and was entered in error because the court failed to make any findings of fact or issue any legal conclusions. Both assertions are misdirected. "We note first that Rule 56 does not require any grounds be stated in a motion for summary judgment." Conover v. Newton , 297 N.C. 506, 513, 256 S.E.2d 216, 221 (1979). Moreover, "findings of fact and conclusions of law are not required in the determination of motions for summary judgment." Villepigue v. Cityof Danville, Va. , 190 N.C. App. 359, 365, 661 S.E.2d 12, 16 (2008). As the court noted in the order granting summary judgment, the motion was decided on the "pleadings, discovery and affidavits on file[.]"
Second, in a single paragraph following the standard of review, defendant claims the court ignored her affidavit and other filings, which she asserts show "two opposing stories ... that need to be decided by a [j]ury as a trier of fact." Defendant appears to be arguing there are material issues of fact. Nevertheless, defendant fails to identify those material issues of fact that need to be decided.
A review of the record shows that plaintiff sought summary ejectment because of defendant's continuous violations of the apartment community's rules that disrupted the quiet enjoyment of other tenants in violation of the lease agreement between the parties. Affidavits submitted by plaintiff support the allegations in the complaint. In defendant's answer, she acknowledges that the portions of the lease alleged to have been violated were part of the lease, that plaintiff received complaints from tenants, and that she received a lease violations notice and a lease termination notice. She also admits to "watching TV in the common room after the retaliatory rules were posted." Defendant has not shown a material issue of fact. Defendant's arguments below, which are not argued on appeal, appear to raise legal issues regarding HUD requirements, not material issues of fact.
Moreover, we note that it is not clear which documents in the record make up defendant's affidavit, or whether the affidavit was properly before the trial court for consideration. Included in the record is a 10 March 2017 filing by defendant entitled "Motion to Dismiss the Eviction/Summary Judgment/Affidavit Answer to CMC." After defendant's signature, there are documents attached to the 10 March 2017 filing labeled Exhibits A through F. Immediately following the exhibits, there is a single page signed by a notary public acknowledging that defendant "signed the foregoing document[.]" (Emphasis added.) The record then includes a two page document that was sworn and signed by defendant entitled "Affidavit of Defendant Sue Sarver," followed by six pages with the heading "Affidavit" recounting defendant's version of events and presenting arguments. However, nothing in the two page document incorporates the next six pages. Furthermore, it is unclear if the purported affidavit was acknowledged before a notary public or if the purported affidavit was actually filed.
Based on the record before this Court, the trial court did not err in entering summary judgment on plaintiff's summary ejectment claim.
3. Motions to Dismiss
In the third issue on appeal, defendant claims the trial court erred in granting plaintiff's and third-party defendants Eagan's and Lackey's motions to dismiss pursuant to Rule 12(b)(6). Defendant provides the standard of review with citations, but otherwise does not present an argument on the issue. Defendant's only claims are in the issue heading, in which defendant states that the motions were not properly before the court because they were not supported by facts and citations. Defendant further states in the heading that the motions were contrary to the evidence and the court failed to make findings of fact and legal conclusions. These contentions are misguided.
Defendant acknowledges in her recitation of the standard of review that
[t]he motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.
Stanback v. Stanback , 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). Thus, a motion to dismiss pursuant to Rule 12(b)(6) does not need to be supported by facts and citations. Furthermore, like a motion for summary judgment, the trial court does not find facts in deciding a motion to dismiss pursuant to Rule 12(b)(6). See White v. White , 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979) ("The function of a motion to dismiss is to test the law of a claim, not the facts which support it. Resolution of evidentiary conflicts is thus not within the scope of the Rule.") (internal quotation marks and citation omitted).
Defendant has abandoned any further argument regarding the trial court's grant of the motions to dismiss. See N.C.R. App. P. 28 (2018).
4. Dismissal of All Third-Party Claims
In the order dismissing defendant's counterclaims against plaintiff, Eagan, and Lackey, the court stated, "[f]urthermore, during the proceeding, [defendant] indicated that she did not plan to pursue her claims in this [c]ourt against any of the [t]hird-[p]arty [d]efendants .... Accordingly, [defendant's] counterclaims and third-party claims are dismissed in their entirety with prejudice."
In the fourth issue on appeal, defendant challenges this dismissal of her claims against all third-party defendants on the basis that she never indicated she was not pursuing the claims. Defendant asserts that this was brought to the court's attention by motion, but the court ignored the issue. We disagree with defendant's contention.
A review of the record shows that defendant did file a "Motion to Correct Order" on 21 July 2017, months after the trial court's order was filed on 27 March 2017 and defendant filed notice of appeal on 11 April 2017. That motion, however, was untimely, specifically addresses only third-party defendants Eagan and Lackey, and is otherwise not pertinent to this appeal.
Instead, we look directly to the transcript of the 15 March 2017 hearing. After the court announced its decision to grant the motions to dismiss, the following exchange took place:
[Counsel]: It may help to clarify, Your Honor, perhaps if [defendant] can explain who she plans to proceed against, if any, of the third-party defendants. The matter is set for trial I think March 28th. That's primarily on the Complaint for summary ejectment, but to the extent that any of these third-party claims are still open, I just want to make sure-
[Defendant]: No, I sent you the e-mail saying there's no third party-they're not a third party. There's nothing going to happen.
Defendant then continued, "No, I'm going to go the other way around. This has got to go to the Court of Appeals. It will come back in about 14 months and then we'll go from there." Defendant then reiterated once more that, "[n]o, there's no open claim, no."
Considering this exchange in light of the procedural posture and record in this case, we hold the trial court did not err in dismissing defendant's third-party claims.
5. Defendant's Motions
In the final issue on appeal, defendant contends the trial court erred by failing to rule on her motions to add additional defendants, change wording, bar the use of statements, and dismiss the summary ejectment action. Defendant's argument regarding these motions is confusing and underdeveloped, consisting mainly of incomplete and irrelevant statements of standards of review.
What is clear is that defendant contends the trial court's failure to rule on her "legitimate, properly filed and noticed [m]otions" violates her rights to equal protection and due process. However, there is no indication in the record that defendant ever noticed her motions for hearing. Furthermore, defendant never sought a ruling on the motions during the hearing on plaintiff's motions; defendant only referenced the motions while asserting it was improper to proceed on the motion for summary judgment. On appeal, defendant attempts to argue the merits of her motions. Such arguments are improper before this Court where there is no ruling on the motions below. See N.C.R. App. P. 10(a)(1) (2018).
III. Conclusion
For the reasons discussed above, the trial court did not err in granting plaintiff possession in the summary ejectment action and dismissing defendant's counter and third-party claims.
AFFIRMED.
Report per Rule 30(e).
Judges CALABRIA and ZACHARY concur.