DILLON, Judge.
Defendant Calvin Tyrone Norton appeals an order holding him in civil contempt and ordering him to pay child support and arrears to his ex-wife, Plaintiff Tiffanee A. Moore. We affirm.
I. Background
Mr. Norton and Ms. Moore were married and had three children together. The parties separated in August 2004; and, subsequently, Ms. Moore sought a divorce and child support from Mr. Norton. Mr. Norton was ordered to pay child support.
Sometime later, in April 2015, the trial court entered an order holding Mr. Norton in civil contempt for failure to pay his child support obligations and directing him to pay $ 750/month in child support and $ 150/month in arrearages.
In March 2016, Ms. Moore filed a motion to show cause for failure to pay child support as directed in the April 2015 order. The evidence at the hearing in the matter showed that from the date of the April 2015 order to the date of Ms. Moore's motion to show cause, Mr. Norton should have paid $ 9,900.00; but that he, in fact, had only paid $ 5,750.00. The trial court, therefore, entered an order finding Mr. Norton in civil contempt of its April 2015 order, determining that Mr. Norton "had sufficient resources and the ability to have paid the deficiency amount[.]" The trial court further ordered Mr. Norton to produce documents regarding his income and assets, namely a 2017 Chevrolet Spark, a 2014 Chevrolet Corvette, and a tract of land in Whiteville.
Mr. Norton timely appealed.
II. Analysis
Mr. Norton makes two substantive arguments on appeal, which we address in turn.[1]
A. Motion to Recuse
Mr. Norton argues that the trial court erred in denying his motion to recuse. We review a trial court's ruling on a motion to recuse de novo . See Dalenko v. Peden Gen. Contrs., Inc. , 197 N.C. App. 115, 123, 676 S.E.2d 625, 631 (2009) (citing State v. Fie , 320 N.C. 626, 627, 359 S.E.2d 774, 775 (1987) ).
"[A] party has a right to be tried before a judge whose impartiality cannot reasonably be questioned." Fie , 320 N.C. at 627, 359 S.E.2d at 775. However, "[t]he burden is on the party moving for recusal to 'demonstrate objectively that grounds for disqualification actually exist.' " State v. Kennedy , 110 N.C. App. 302, 305, 429 S.E.2d 449, 451 (1993) (quoting In re Nakell , 104 N.C. App. 638, 647, 411 S.E.2d 159, 164 (1991) ).
In the present case, Mr. Norton orally moved for the trial judge to recuse himself because the judge was named "as an adverse witness on appeal in a federal lawsuit" brought by Mr. Norton and, therefore, may have adverse feelings about Mr. Norton.
In support of his motion, Mr. Norton cited to two United States Supreme Court cases in which justices were recused for having a clear and immediate stake in the outcome of the underlying cases. Aetna Life Ins. Co. v. Lavoie , 475 U.S. 813, 823-25 (1986) ; Caperton v. A. T. Massey Coal Co. , 556 U.S. 868, 882-84 (2009). However, the case at hand is clearly distinguishable from those two cases. In Lavoie , a presiding justice had similarly filed a lawsuit against an insurance company and stood to financially benefit in his own case and settlement depending on his ruling in the underlying case. Aetna Life Ins. Co. , 475 U.S. at 824. And in Caperton , a presiding justice had previously received significant campaign contributions from the principal officer of the defendant company and was therefore incentivized and biased to rule in the defendant's favor. Caperton , 556 U.S. at 885-86.
In this case though, the presiding judge merely received a letter from Mr. Norton stating his intent to call the trial judge as a witness in a federal lawsuit he had filed. The judge provided that any testimony he would provide, if the federal case actually went to trial, would pertain to proceedings that happened in open court years prior and were irrelevant to the state court proceeding at hand. Thus, the trial judge denied the motion to recuse himself, finding "no reason that [is] in the judicial canons to do so." The trial judge stated that he was not biased against Mr. Norton in any manner and did not think that any disinterested party would reasonably conclude that his impartiality could be questioned in the matter.
We find no error with the trial judge's decision not to recuse himself: The mere naming of the judge as a potential witness in an unrelated federal case does not necessarily rise to the level of having a clear and immediate stake in or bias towards the underlying case or party. See Aetna Life Ins. Co. , 475 U.S. at 823-25 ; see also Caperton , 556 U.S. at 882-84.
B. Assets
Mr. Norton also argues that the trial court erroneously classified and valued certain property when calculating the amount of child support owed and in holding him in civil contempt. We disagree.
We review the findings in an order of civil contempt for whether they are supported by any competent evidence. Rose's Stores, Inc. v. Tarrytown Center, Inc. , 270 N.C. 206, 211, 154 S.E.2d 313, 317 (1967).
Civil contempt is ordered "to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties." Mauney v. Mauney , 268 N.C. 254, 256, 150 S.E.2d 391, 393 (1966) (internal citations omitted). "For civil contempt to be applicable, the defendant must be able to comply with the order or take reasonable measures[, such as borrowing the money or selling or liquidating assets and property] that would enable him to comply with the order." Teachey v. Teachey , 46 N.C. App. 332, 334, 264 S.E.2d 786, 787 (1980).
"In determining the ability to pay and willfulness of failure to pay child support, the trial court must consider both sides of the equation: income or assets available to pay and reasonable subsistence needs of the defendant." Cty. of Durham ex rel. Wilson v. Burnette , --- N.C. App. ----, ----, 821 S.E.2d 840, 847-48 (2018) (emphasis in original). Our Child Support Guidelines include any "maintenance received from persons other than the parties to the instant action" in its definition of "income." See Guilford County ex rel. Easter v. Easter , 344 N.C. 166, 171, 473 S.E.2d 6, 9 (1996) (considering voluntary support received from grandparents, including cost-free housing, as income when determining child support); see also Gibson v. Gibson , 24 N.C. App. 520, 522-23, 211 S.E.2d 522, 524 (1975) (considering an automobile and rent-free apartment from an employer as income when calculating child support).
The evidence at the show cause hearing supported the trial court's finding that Mr. Norton was able to pay child support but willfully failed to do so. More specifically, the evidence tended to show as follows:
Pursuant to the federal Social Security Administration, Mr. Norton received $ 15,570 from verifiable sources in 2015. It was also demonstrated that he lives in and holds title to a home with a net value of $ 35,000. He incurs no cost to live in this home as his father pays his monthly house and utility bills. See Gibson , 24 N.C. App. at 522-23, 211 S.E.2d at 524.
Evidence was also provided that Mr. Norton purchased both a 2014 Chevrolet Corvette and a 2017 Chevrolet Spark in 2017. In purchasing these vehicles, Mr. Norton paid $3,000 and $1,500 in cash as down payments and also traded in a 2010 Chevrolet Corvette with a trade-in value of approximately $ 30,000. See Teachey , 46 N.C. App. at 334, 264 S.E.2d at 787. Mr. Norton testified and contends that these vehicles were purchased for other individuals, namely his new fiancée and his father. However, the trial court found that Mr. Norton's testimony was unreliable.
This evidence of income and assets supports the trial court's finding that Mr. Norton has the "present ability to pay and to take reasonable steps to have paid the deficiency amount[.]" See id.
It was proper for the trial court to consider Mr. Norton's assets and income when calculating his child support obligations and considering whether he was in civil contempt.
III. Conclusion
The trial court did not err in denying Mr. Norton's motion to recuse as he failed to demonstrate how naming the judge as a witness in an unrelated, irrelevant federal case renders him partial or biased against Mr. Norton. The trial court also did not err in considering Mr. Norton's income and assets when calculating his child support obligations and holding him in civil contempt.
AFFIRMED.
Report per Rule 30(e).
Judges INMAN and COLLINS concur.

Ms. Moore has filed a Motion to Strike Mr. Norton's briefs and arguments. However, we deny Ms. Moore's motion to strike to reach Mr. Norton's arguments on appeal.