IN RE: JAMES OLIVER PITTMAN, A MINOR CHILD, DOB: 10-02-00

No. COA01-991

(Filed 18 June 2002)

**Judges— oral adjudication while in office—written order after leaving—void**

An order adjudicating a child to be a neglected juvenile and ordering disposition of custody was vacated and remanded where the judge entered an oral adjudication at the conclusion of the hearing on 2 November 2000, she was subsequently defeated in an election, her replacement was sworn in on 4 December 2000, and she signed the order on 16 January 2001. She was no longer a judicial official when she signed the order and it is absolutely void. The duties of judges who are not able to perform their duties after a hearing or trial may be performed by the chief judge of the district or by any judge appointed by the Director of the Administrative Office of the Courts if the chief judge is disabled, and the substitute judge may grant a new trial or hearing in his or her discretion.

Appeal by respondents from order entered 16 January 2001 by Judge Sarah P. Bailey in Nash County District Court. Heard in the Court of Appeals 13 May 2002.

*Nash County Department of Social Services, by Jayne B. Norwood, and Guardian Ad Litem Program, by Attorney Advocate Judith L. Kornegay, for petitioner-appellees.*

*Etheridge, Sykes, Britt & Hamlett, L.L.P., by J. Richard Hamlett, II, and Massengill & Bricio, P.L.L.C., by Francisco J. Bricio, for respondent-appellants.*

EAGLES, Chief Judge.

James Pittman ("the father") and Lekeshia Harris ("the mother") appeal from the trial court's order adjudicating their son, James Oliver Pittman, to be a neglected juvenile and ordering disposition of the custody of the child. The sole issue on appeal is whether an order signed by a judge after her term had expired is a valid order. After careful consideration of the record and briefs, we vacate the order and remand to the trial court for entry of an order or exercise of its discretion consistent with Rule 63.

The evidence tends to show the following. The father and the mother had two children together: Jakel Pittman ("Jakel"), born on 3 October 1999, and James Oliver Pittman ("James"), born on 2 October 2000. On 7 January 2000, Jakel was admitted to Pitt County Memorial Hospital with serious injuries to the head, legs, and spine. Doctors determined that the injuries were non-accidental, and possibly the result of severe shaking, jamming, pushing, pulling, and jabbing. Based on the seriousness of Jakel's injuries, the Nash County Department of Social Services ("DSS") and the Sharpsburg Police Department investigated the matter.

During the investigation, the mother provided a statement to police admitting that she intentionally injured Jakel by "rock[ing] and bounc[ing] him to[o] hard." After an adjudicatory hearing in Nash County District Court on 8 and 16 June 2000, Judge Robert Evans entered an order on 5 September 2000 adjudicating Jakel an abused and neglected juvenile as to both parents. This Court recently held that the mother's statement to the police was admissible and affirmed the adjudication of Jakel as abused and neglected. *See In re Pittman,* 149 N.C. App. 756, 561 S.E.2d 560 (2002).

On 2 October 2000, the mother gave birth to James. Due to the severity of Jakel's injuries, DSS initiated an investigation of James. Thereafter, on 16 October 2000, DSS filed a juvenile petition alleging that James was neglected based upon the adjudication in Jakel's case. On 2 November 2000, a hearing was held in Nash County District Court, the Honorable Sarah Bailey presiding. At the conclusion of the hearing, Judge Bailey orally adjudicated James to be a neglected juvenile and vested physical custody of James in DSS. Subsequently, on 16 January 2001, Judge Bailey signed a written order consistent with her verbal judgment concluding that James was neglected in that he "reside[d] in a home where his sibling was adjudged to have been abused by his mother and that his father knew or should have known that the abuse was occurring. Due to the seriousness of the injuries sustained by the child's sibling, the child reside[d] in an environment injurious to his welfare." The father and the mother appeal.

In their first assignment of error, the parents contend that "[t]he adjudication and disposition order signed by Judge Bailey is void as she was no longer a *de jure* nor a *de facto* District Court Judge at the time she signed the order." After carefully considering the issue, we agree.

"[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." G.S. § 1A-1, Rule 58. Here, Judge Bailey orally adjudicated James to be a neglected juvenile and vested physical custody of James in DSS at the conclusion of the hearing on 2 November 2000. However, Judge Bailey did not reduce her judgment to writing at that time.

"The announcement of judgment in open court is the mere rendering of judgment, not the entry of judgment. The entry of judgment is the event which vests this Court with jurisdiction." *Worsham v. Richbourg's Sales and Rentals*, 124 N.C. App. 782, 784, 478 S.E.2d 649, 650 (1996) (citation omitted); *see also In re Bullabough*, 89 N.C. App. 171, 180, 365 S.E.2d 642, 647 (1988) (a judge may make an oral entry of a juvenile order provided the order is subsequently reduced to written form).

Here, the parties stipulated that Judge Bailey

was defeated in a judicial election in November of 2000, by William G. Stewart, and that as of January [16], 2001, the date the adjudication and disposition order was signed by [Judge Bailey], she was no longer an elected judicial official. As of January [16],

2001 the Honorable William G. Stewart had been sworn into office as a District Court Judge and officially held the position of District Court Judge formerly held by Sarah P. Bailey.

Significantly, Judge Bailey signed the written order on 16 January 2001—approximately one and a half months *after* her term had expired. On appeal, the parents contend that Judge Bailey is an usurper and that the judicial acts she performed after her term had expired are void.

Where the validity of an act of a person acting in a judicial office is challenged "in a collateral proceeding before another court on the theory that [the person] had no right to the office, the court may inquire into [the person's] title to the judicial office far enough to determine whether [the person] was a judge *de jure*, or a judge *de facto*, or a mere usurper at the time [the person] performed the act in question." *In re Wingler*, 231 N.C. 560, 564, 58 S.E.2d 372, 375 (1950). A judge *de jure* "is one who is regularly and lawfully elected or appointed and inducted into office and exercises the duties as his right. All his necessary official acts are valid, and he cannot be ousted." *Norfleet v. Staton*, 73 N.C. 546, 550 (1875).

A judge *de facto* "is one who goes in under *color* of authority . . . or who exercises the duties of the office so long or under such circumstances as to raise a presumption of his right; in which cases his necessary official acts are valid as to the public and third persons; but he may be ousted by a direct proceeding." *Id.* Finally, "[a] usurper is one who undertakes to act officially without any actual or apparent authority. Since he is not an officer at all or for any purpose, his acts are absolutely void, and can be impeached at any time in any proceeding." *In re Wingler*, 231 N.C. at 564, 58 S.E.2d at 375.

As noted above, Judge Bailey was defeated in the November 2000 general elections by William Stewart. Judge Stewart was sworn in as a judge to serve in former Judge Bailey's District Court Judge seat on 4 December 2000. Consequently, when she signed the adjudication and disposition order on 16 January 2001, Judge Bailey was no longer an elected judicial official. Judge Bailey, having suffered defeat in the general election for office of District Court Judge and having vacated and surrendered office to another candidate receiving a majority of votes without contesting his right to office, had no rights under statute or case law to reassume office. *See Duncan v. Beach*, 294 N.C. 713, 721, 242 S.E.2d 796, 801 (1978).

IN RE PITTMAN

[151 N.C. App. 112 (2002)]

We conclude that Judge Bailey is an usurper here. Since Judge Bailey was no longer a judicial officer after her term expired, the adjudication and disposition order entered on 16 January 2001 is absolutely void. "Since entry of judgment is jurisdictional this Court is without authority to entertain an appeal where there has been no entry of judgment." *Searles v. Searles*, 100 N.C. App. 723, 725, 398 S.E.2d 55, 56 (1990). Having no effective judgment for purposes of this appeal, we conclude that this action has been pending since the filing of the juvenile petition on 16 October 2000.

Pursuant to the currently effective version of Rule 63, applicable to actions pending on or after 18 August 2001,

[i]f by reason of death, sickness or other disability, resignation, retirement, *expiration of term*, removal from office, or other reason, a judge before whom an action has been tried or a hearing has been held is unable to perform the duties to be performed by the court under these rules after a verdict is returned or a trial or hearing is otherwise concluded, then those duties, *including entry of judgment*, may be performed:

. . . .

(2) In actions in the district court, by the chief judge of the district, or if the chief judge is disabled, by any judge of the district court designated by the Director of the Administrative Office of the Courts.

If the substituted judge is satisfied that he or she cannot perform those duties because the judge did not preside at the trial or hearing or for any other reason, the judge may, in the judge's discretion, grant a new trial or hearing.

G.S. § 1A-1, Rule 63 (emphasis added); *see also* 2001 N.C. Sess. Laws ch. 379, §§ 7, 9. Accordingly, we remand to the trial court to enter an order or exercise its discretion in this matter consistent with Rule 63.

In sum, we vacate the adjudication and disposition order of 16 January 2001 and remand to the trial court for either entry of an order or exercise of its discretion consistent with Rule 63.

Vacated and remanded.

Judges McGEE and TYSON concur.