KATHERINE T. LANGE, Plaintiff v. DAVID R. LANGE, Defendant

No. COA02-567

(Filed 15 April 2003)

**Appeal and Error— appealability—mootness—motion for recusal**

Although defendant appeals the trial court's decision in a child custody case concluding that a judge should have recused himself from hearing a motion to modify custody and by ordering a new hearing based on the fact that the judge co-owned a vacation home with defendant's attorney, the appeal is dismissed as moot because the pertinent judge retired, and the proposed custody judgment that led to the motion for recusal was never signed or entered and was not filed with the clerk of court.

Judge CALABRIA dissenting.

Appeal by defendant from order entered 4 October 2001 by Judge William A. Christian in Mecklenburg County District Court. Heard in the Court of Appeals 12 February 2003.

*Reid, Lewis, Deese, Nance & Person, L.L.P., by Renny W. Deese, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., Katherine S. Holliday and Preston O. Odom, III, for defendant-appellant.*

TYSON, Judge.

## I. Background

Katherine T. Lange ("plaintiff") and David R. Lange ("defendant") were married on 27 May 1989. Two children were born during

LANGE v. LANGE

[157 N.C. App. 310 (2003)]

the marriage: Jacob Ross Lange on 18 August 1992 and Sophia Katherine Lange on 18 August 1994. Plaintiff and defendant separated in February 1997 and divorced in August of 1998. On 11 September 1998, an Order Approving Parenting Agreement was entered that approved a shared custody arrangement of the children. Plaintiff was granted primary physical custody with defendant having custody on alternating weekends and each Wednesday evening until the Thursday morning.

In February 2000, plaintiff informed defendant that she intended to move to Southern Pines in June 2000 and take the children with her. Plaintiff was engaged to a man who lived in Southern Pines and who could not relocate because of his business. On 23 March 2000, plaintiff moved to modify custody. On 26 April 2000, plaintiff made a motion in the cause for contempt for failure to pay child support, and a show cause order was issued by the trial court. On 13 May 2000, defendant remarried. On 2 June 2000, defendant responded to plaintiff's motion to modify custody requesting the original shared custody agreement be continued or the substitution of him as primary custodial parent.

Judge William G. Jones conducted a three-day trial concerning the custody modification dispute between 13 and 16 June 2000. Dorian Gunter ("Gunter") represented plaintiff, and Katherine Holliday ("Holliday") represented defendant at the trial. By letter dated 30 June 2000, Judge Jones announced his decision that the children continue to reside in Charlotte, with the original parenting agreement remaining in effect if plaintiff remained in the Charlotte area. If plaintiff moved to Southern Pines, defendant would be awarded primary physical custody. Judge Jones asked Holliday to draft the order.

Judge Jones, Holliday, and Gunter subsequently met to discuss the details of the order. In early November 2000, before Judge Jones could sign the final order, Gunter informed Judge Jones and Holliday that he was going to file a recusal motion. Judge Jones refused to voluntarily recuse himself but declined to sign the order. Gunter's recusal motion was based upon the co-ownership of Judge Jones and defendant's attorney, Holliday, of a vacation home and was filed on 13 November 2000. Judge Jones referred the matter to the Administrative Office of the Courts ("AOC"). The AOC appointed Judge William Christian to hear plaintiff's motion to recuse Judge Jones.

On 11 June 2001, Judge Christian heard the motion for recusal. Judge Christian issued an order that concluded there had been "no specifically enumerated violation of Canons 2, 3, or 5 of the North Carolina Code of Judicial Conduct." The order granted plaintiff's recusal motion and awarded a new hearing because "a reasonable person [would] question whether [Judge Jones] could rule impartially." Defendant appeals that decision. Judge Jones subsequently retired from the bench.

## II. Issue

The issue is whether Judge Christian erred in concluding that Judge Jones should have recused himself from hearing the motion and consequently ordering a new hearing. We find it unnecessary to reach this issue because Judge Jones' retirement renders this appeal moot.

## III. Mootness

Mootness arises where the original question in controversy is no longer at issue. *In re Denial of Request by Humana Hospital Corp.*, 78 N.C. App. 637, 640, 338 S.E.2d 139, 141 (1986). "Whenever, during the course of litigation it develops that the relief sought has been granted or that questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *Id.* (quoting *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978)).

The moment Judge Jones retired, all issues regarding recusal became moot. The proposed custody judgment that led to the motion for recusal was never signed or entered, and was not filed with the clerk of court. North Carolina Rule of Civil Procedure 58 governs entry of judgments. "[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C.G.S. § 1A-1, Rule 58 (2001).

"The announcement of judgment in open court is the mere rendering of judgment, not the entry of judgment. The entry of judgment is the event which vests this Court with jurisdiction." *Worsham v. Richbourg's Sales and Rentals*, 124 N.C. App. 782, 784, 478 S.E.2d 649, 650 (1996) (citations omitted).

Judge Jones cannot sign the order or preside over any further hearing after retirement. Judge Jones is now retired. He cannot

execute any orders, or re-hear the case. *See In re Pittman,* 151 N.C. App. 112, 564 S.E.2d 899, *appeal dismissed,* 356 N.C. 163, 568 S.E.2d 609 (2002).

All parties agree that the case must be considered by a new judge, whether Judge Christian's ruling granting a new trial is affirmed or reversed and remanded for a further proceeding under Rule 63 of the North Carolina Rules of Civil Procedure. Judge Jones' retirement ended all issues on appeal, and there is no possibility that the recusal issue regarding Judge Jones will reoccur.

The dissenting opinion would have this Court overcome formidable hurdles of an interlocutory appeal and abuse of discretion review to unnecessarily reach the issue of recusal.

The parties engaged in three days of presenting evidence and argument, and are bound by that evidence if a new hearing is held. Whether a new hearing is held or the new judge enters the prior order as written lies within the new judge's discretion and is irrelevant to the issue on appeal.

We do not reach the merits of the parties' assignments of error. Such action is unnecessary to the issue on appeal. In the interests of judicial economy and judicial restraint, this appeal is dismissed as moot.

Appeal Dismissed.

Judge McCULLOUGH concurs.

Judge CALABRIA dissents.

CALABRIA, Judge, dissenting.

### I. Mootness

The majority concludes the controversy in this case became moot when Judge Jones retired. I respectfully dissent.

The issue of mootness may arise at any time since "mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceed-

ings, the usual response should be to dismiss the action." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978). Our Supreme Court explained the mootness doctrine:

> [t]hat a court will not decide a 'moot' case is recognized in virtually every American jurisdiction. In federal courts the mootness doctrine is grounded primarily in the 'case or controversy' requirement of Article III, Section 2 of the United States Constitution and has been labeled 'jurisdictional' by the United States Supreme Court. In state courts the exclusion of moot questions from determination is not based on a lack of jurisdiction but rather represents a form of judicial restraint.

*Id.*, (internal citations omitted). The Court set forth:

> [w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

*Id.* Therefore, "[a] case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison County Realtors Assn.*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996).

The question presented to this Court is whether Judge Christian abused his discretion in ordering a new trial after determining Judge Jones should have recused himself from presiding over the case. That this question is still "in controversy between the parties[,]" and this Court's determination will have a "practical effect on the existing controversy" is manifest.

Were this Court to affirm Judge Christian's order, we would remand for a new trial. On the other hand, were this Court to reverse Judge Christian's order, finding Judge Jones need not have recused himself, we would remand pursuant to Rule 63 of the North Carolina Rules of Civil Procedure. Rule 63 sets forth:

> [i]f by reason of death, sickness or other disability, resignation, retirement, expiration of term, removal from office, or other reason, a judge before whom an action has been tried or a hearing has been held is unable to perform the duties to be performed by the court under these rules after a verdict is returned or a trial or

hearing is otherwise concluded, then those duties, including entry of judgment, may be performed:

. . .

(2) In actions in the district court, by the chief judge of the district, or if the chief judge is disabled, by any judge of the district court designated by the Director of the Administrative Office of the Courts.

If the substituted judge is satisfied that he or she cannot perform those duties because the judge did not preside at the trial or hearing or for any other reason, the judge may, in the judge's discretion, grant a new trial or hearing.

N.C. Gen. Stat. § 1A-1, Rule 63 (2001).

The majority correctly asserts Judge Jones "cannot execute any orders."[1] However, Judge Jones' order may nevertheless be entered by a substituted judge, usually the Chief District Court Judge of that District, pursuant to Rule 63. Only if "the substituted judge is satisfied that he or she cannot [enter the order] . . . [may the judge], in the judge's discretion, grant a new trial or hearing." N.C. Gen. Stat. § 1A-1, Rule 63. Regardless of whether a new trial is granted or the order is entered, the procedure set forth under Rule 63 is addressed solely to the trial court, and this Court cannot usurp the trial court's discretion by determining a new trial is the inevitable result.[2]

Therefore, in the case at bar, if this Court were to affirm on the merits, the new trial ordered by Judge Christian would result, whereas if this Court were to reverse on the merits, the case would

---

1. Any dispute as to whether Judge Jones could properly enter his order was resolved by this Court's decision in *In re Pittman*, 151 N.C. App. 112, 564 S.E.2d 899, *disc. review denied*, 356 N.C. 163, 568 S.E.2d 609, *appeal dismissed*, 356 N.C. 163, 568 S.E.2d 609 (2002), wherein this Court held a judgment void because it was entered pursuant to the signature of a judge whose term had expired.

2. To permit the majority's result would require finding that the substituted judge in this action cannot enter Judge Jones' order and any such entry would inevitably result from an abuse of discretion. The majority states "Judge Jones, Holliday, and Gunter subsequently met to discuss the details of the order." While this is true, the attorneys negotiated over the precise wording of the order for several months, from July until November 2000. In November 2000, Judge Jones participated in a meeting with the attorneys to clarify and finalize the order. As the meeting concluded, defendant's attorney raised the recusal issue. Although Judge Jones' order remains unsigned, it was in final form when defendant motioned for recusal. Considering the ample evidence, I cannot hold an entry of Judge Jones' order would inevitably result from an abuse of discretion. More importantly, that issue is not properly before this Court, as our role would simply be to remand for a determination pursuant to Rule 63.

be remanded to the trial court for either entry of Judge Jones' order or exercise of the substituted judge's discretion consistent with Rule 63. Since the Court's determination has a practical effect, and the questions in controversy are still very much at issue, I would hold this case is not moot.

## II. Interlocutory

"A ruling on a motion to recuse a trial judge is an interlocutory order and is not immediately appealable." *Lowder v. All Star Mills*, 60 N.C. App. 699, 702, 300 S.E.2d 241, 243, *rev'd in part on other grounds*, 309 N.C. 695, 309 S.E.2d 193 (1983) (citation omitted). An interlocutory order may nevertheless be immediately appealed as provided for by North Carolina General Statutes §§ 1-277, 7A-27 and 1A-1, Rule 54(b). Both sections 1-277 and 7A-27 provide for immediate appeal of an interlocutory order when the order "grants or refuses a new trial." N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d) (2001). Here, since Judge Christian's order granted a new trial, the order, although interlocutory, is immediately appealable pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)[3].

## III. Standard

Defendant asserts Judge Christian erred by applying the incorrect standard for violating Canon 3, which provides "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned." Code of Judicial Conduct, Canon 3(C)(1). Defendant argues the reasonable man is the appropriate test, and Judge Christian erroneously cited the average citizen test. Judge Christian, in expressing the applicable law, quoted the following language from *Scott v. U.S.*, 559 A.2d 745, 748-49 (D.C. 1989) (citations omitted):

> The necessity for recusal in a case is premised on an objective standard . . . [A] Judge must recuse from any cause in which there is 'an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question [the] judge's impartiality.' . . . The objective standard is required in the interest of ensuring justice in the individual case and maintaining public confidence in a integrity of the judicial process which 'depends on a belief, in

---

3. Judge Christian certified the order a final order pursuant to North Carolina General Statute § 1A-1, Rule 54(b), however, since the new trial provisions of North Carolina General Statutes §§ 1-277 and 7A-27 apply, there is no need to reach this for review of Judge Christian's order.

**HARLEYSVILLE MUT. INS. CO. v. ZURICH-AMERICAN INS. CO.**

[157 N.C. App. 317 (2003)]

the impersonality of judicial decision making.' . . . Neither bias in fact nor actual impropriety is required to violate the Canons.

North Carolina follows the reasonable person standard: "[t]he test to apply in deciding what is reasonable is whether 'a reasonable man knowing all the circumstances would have doubts about the judge's ability to rule on the motion to recuse in an impartial manner.' " *Savani v. Savani*, 102 N.C. App. 496, 500, 403 S.E.2d 900, 902 (1991) (quoting *McClendon v. Clinard*, 38 N.C. App. 353, 356, 247 S.E.2d 783, 785 (1978)). Since North Carolina law required Judge Christian to apply the objective reasonable man standard, and Judge Christian referenced the incorrect standard, I find merit to defendant's assignment of error.

For the foregoing reasons, I would reverse Judge Christian's order and remand the case for application of the appropriate standard. Since I would reverse on this basis, I do not reach the remaining assignments of error raised by plaintiff and defendant.